**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____Northern District of Texas_____
(State)

Case number (If known): _____    Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. **Debtor's name** | **Impel NeuroPharma Australia Pty Ltd** | |
| 2. **All other names debtor used in the last 8 years**  Include any assumed names, trade names, and *doing business as* names | **None** | |
| 3. **Debtor's federal Employer Identification Number** (EIN) | N / A | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **40 City Road** | _____ |
| Number     Street | Number     Street |
| **Floor 19, HWT Tower** | _____ |
| | P.O. Box |
| **Southbank     Victoria     3006** | _____ |
| City                    State     ZIP Code | City          State     ZIP Code |
| **Australia** | **Location of principal assets, if different from principal place of business** |
| Country | _____ |
| | Number     Street |
| | _____ |
| | City          State     ZIP Code |

5. **Debtor's website** (URL)    **https://www.impelpharma.com**

Debtor **Impel NeuroPharma Australia Pty Ltd**
Name

Case number (*if known*)_____

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br><br>3 2 5 4 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check **all** that apply*:<br>   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>   ☐ A plan is being filed with this petition.<br>   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |

Debtor **Impel NeuroPharma Australia Pty Ltd**  
Name

Case number (*if known*) _____

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    If more than 2 cases, attach a separate list.

    ☑ No
    ☐ Yes. District _____ When ___/___/_____ Case number _____
    MM / DD / YYYY
    District _____ When ___/___/_____ Case number _____
    MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☑ Yes. Debtor _See Schedule 1_ Relationship _Affiliate_
    District _Northern District of Texas_ When _12/19/2023_
    MM / DD / YYYY
    Case number, if known _____

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
    Number Street
    _____
    City                                State ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

---

**Statistical and administrative information**

---

Official Form 201      Voluntary Petition for Non-Individuals Filing for Bankruptcy      page **3**

Debtor **Impel NeuroPharma Australia Pty Ltd**
Name

Case number (if known)_____

### 13. Debtor's estimation of available funds

Check one:
- ✓ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

### 14. Estimated number of creditors

- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ✓ 200-999
- ☐ 1,000-5,000
- ☐ 5,001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

### 15. Estimated assets

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ✓ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### 16. Estimated liabilities

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ✓ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12 / 19 / 2023
              MM / DD /YYYY

X _____          **Brandon Smith**
Signature of authorized representative of debtor    Printed name

Title **Chief Restructuring Officer**

Debtor **Impel NeuroPharma Australia Pty Ltd**     Case number (*if known*)_____
     Name

| | | |
|---|---|---|
| **18. Signature of attorney** | ✘ /s/ *Rakhee V. Patel* <br> Signature of attorney for debtor | Date **12/19/2023** <br> MM/DD/YYYY |

           **Rakhee Patel**
           Printed name

           **Sidley Austin LLP**
           Firm name

           **2021 McKinney Ave, Suite 2000**
           Number       Street

           **Dallas**        **Texas**   **75201**
           City                     State    ZIP Code

           **(214) 981-3421**           **rpatel@sidley.com**
           Contact phone                 Email address

           **00797213**                 **Texas**
           Bar number                     State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____Northern District of Texas_____
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

# Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Impel Pharmaceuticals Inc.

**Impel Pharmaceuticals Inc.**
**Impel NeuroPharma Australia Pty Ltd**

**IMPEL NEUROPHARMA AUSTRALIA PTY LTD**
**ACN 611 195 567**
**(the "Company")**

**Resolution of the Board of Directors of Impel NeuroPharma Pty Ltd**

**Date:** **December 18, 2023**

**Resolutions**:  Whereas, pursuant to the Corporations Act 2001 (Cth) and Section 36 of the Company Constitution of Impel NeuroPharma Australia Pty Ltd (the "Company") the members of the Company's Board of Directors, constituting all of the directors then in office, hereby take the following actions and are in favour of adopting the following resolutions:

**WHEREAS**, the Board has reviewed and considered the materials presented by, or on behalf of, the Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has determined that in light of the current circumstances of the Company and its parent, Impel Pharmaceuticals Inc., it is in the best interests of the Company, its creditors, equity holders, subsidiaries, and employees that the Company have access to additional guidance, expertise, and assistance in the form of a Chief Restructuring Officer; and

**WHEREAS**, the Board has considered presentations from the Company's management and advisors concerning the potential appointment of a Chief Restructuring Officer for the Company and determined that it is in the best interests of the Company, its creditors, equity holders, subsidiaries, and employees that the Company retain Mr. Brandon Smith to provide services as their Chief Restructuring Officer (the "CRO"); and

**WHEREAS**, the Board has been provided with and given the opportunity to review a form of engagement letter for the CRO engagement and determined that the Company's execution of such engagement letter, including the indemnification and reimbursement provisions thereof, is reasonable and in the best interests of the Company, its creditors, equity holders, subsidiaries, and employees; and

**WHEREAS**, the Board has reviewed and considered presentations by Management and the Advisors of the Company regarding the advantages and disadvantages of filing a voluntary petition for relief (the "Bankruptcy Petition") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") and have had adequate opportunity to consult such persons regarding the materials presented, obtain additional

information, and to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board has determined, in its business judgment, that the following resolutions are advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, other stakeholders, and other parties in interest.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the applicable governing documents of the Company, the undersigned do hereby adopt the following resolutions:

1. **Appointment of CRO**

**RESOLVED**, that Mr. Brandon Smith of Teneo Capital LLC is hereby appointed as the CRO of the Company;

**RESOLVED FURTHER**, that the Company is hereby authorized to retain Teneo Capital LLC ("Teneo") to provide interim management services to the Company and to compensate Teneo for the provision of such services on the terms previously presented to the Board;

2. **Chapter 11 Filing**

**RESOLVED**, that the members of the Board have considered their fiduciary duties under applicable law in exercising their powers and discharging their duties, to act honestly and in good faith with a view to the best interests of the Company as a whole, to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances, and, as applicable, with consideration to the Company's public benefit purpose;

**RESOLVED FURTHER**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its interest holders, subsidiaries, creditors, other stakeholder, and other parties in interest, that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petition under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") for the Company, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements of the Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petition (the chapter 11 cases initiated by the filing of the Bankruptcy Petition and such petitions as filed by the Company's subsidiaries, the "Chapter 11 Cases");

**RESOLVED FURTHER**, that any director or duly appointed officer of the Company, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities,

collectively, the "Authorized Persons") be, and hereby is, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company and/or obtain additional financing in accordance with the Bankruptcy Code.

3. **Retention of Professionals**

**RESOLVED**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to retain the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as general bankruptcy counsel; (ii) the law firm of Fenwick & West LLP as special corporate counsel (iii) the investment banking firm of Moelis & Company as investment banker; (iv) Omni Agent Solutions, as claims and noticing agent and administrative advisor; and (v) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals as such Authorized Person deems necessary, appropriate, or advisable to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby are, authorized and empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, or other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions.

4. **Use of Cash Collateral and Adequate Protection**

**RESOLVED**, that the Company will obtain benefits from the use of its property (including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral")), which is security for certain of the Company's prepetition secured lenders under certain credit facilities by and among the Company, the guarantors party thereto, and the lenders party thereto (the "Prepetition Secured Lenders");

**RESOLVED FURTHER**, each of the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the

Company to seek approval of the use of cash collateral pursuant to a cash collateral order in interim and final form (a "Cash Collateral Order"), and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code (the "Adequate Protection Obligations"), as well as any additional or further agreements for the use of cash collateral in connection with the chapter 11 cases, which agreement(s) may require the Company to grant adequate protection and security interests to the Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED FURTHER**, that the Company, as debtors and debtors in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations.

**5.     Marketing Process and Sale**

**RESOLVED**, that the Company, with the assistance of its Advisors, is authorized to continue its fulsome marketing and sale process during the Chapter 11 Cases, including contacting, discussing, negotiating, and soliciting offers from potential bidders, including conducting any auction in connection therewith, in order to receive the highest or otherwise best offer for the sale of the Company's Assets (collectively, the "Sale Process");

**RESOLVED FURTHER**, that in the judgment of the Company, it is desirable and in the best interests of each Company, its interest holders, its subsidiaries, its creditors, and other parties in interest that each Company be, and hereby is, authorized to negotiate, execute, and enter into, all required documentation to consummate any sale transaction for the highest or otherwise best offer for the sale of any assets of each Company (the "Sale Transaction(s)") (including any stalking horse agreement, asset purchase agreements or any other agreements or documents evidencing any such sale (collectively, the "Purchase Agreement(s)")), with such changes, additions, and modifications thereto as an Authorized Person shall approve;

**RESOLVED FURTHER**, that the Company shall be, and hereby is, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Company, authorized, directed and empowered to seek entry of an order or orders authorizing entry into any Purchase Agreement(s) and consummation of the Sale Transaction(s) contemplated thereby, all substantially in accordance with documents that have been presented or will be presented to the Governing Bodies and/or filed with the Bankruptcy Court, subject to such

modifications thereto as the Governing Bodies or Management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person);

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby is, authorized and empowered to take any and all actions necessary or advisable to advance each Company's rights and obligations under any Purchase Agreement and/or the Sale Process, including filing of additional pleadings with the Bankruptcy Court; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions;

**RESOLVED FURTHER**, each Governing Body hereby authorizes, adopts, approves, ratifies and confirms the Sale Transaction(s) and each Company's entry into the Purchase Agreement(s), and each of the documents and agreements contemplated under any Purchase Agreement (the "Transaction Documents") to which the Company is a party, and the performance of the Company's obligations thereunder and (subject to the approval of the Bankruptcy Court) the consummation of the Sale Transaction(s) contemplated thereby;

**RESOLVED FURTHER**, that each Authorized Person hereby is authorized and empowered to execute and deliver any Purchase Agreement(s), any Transaction Documents and any and all certificates, agreements, instruments, documents and undertakings of any kind and nature contemplated thereunder to which each Company is to be a party or as are necessary or appropriate to consummate the Sale Transaction(s) contemplated by any Purchase Agreement(s) and the Transaction Documents, in the name and on behalf of each Company, with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Authorized Person executing the same shall approve (the execution and delivery thereof by the Authorized Person to be conclusive evidence of such Authorized Person's approval of any such additions, deletions or changes);

**RESOLVED FURTHER**, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's Governing Documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to any Purchase Agreement(s) and the Transaction Documents;

6. **Further Actions and Prior Acts**

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and

applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to the Chapter 11 Cases;

**RESOLVED FURTHER**, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

**RESOLVED FURTHER**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**RESOLVED FURTHER**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Boards.

**[Documents:** That the necessary documents be prepared and lodged with the Commission.]

Signed by all of the directors of the company in accordance with the requirements of the company Constitution:

_____    Date: __12/18/2023__
Michael Joseph Thurn

_____    Date: _____
John Hoekman

[SIGNATURE PAGE TO MEMORANDUM OF RESOLUTIONS OF THE
BOARD OF DIRECTORS OF IMPEL NEUROPHARMA AUSTRALIA PTY LTD]

Signed by all of the directors of the company in accordance with the requirements of the company Constitution:

_____     Date: _____
Michael Joseph Thurn

_____     Date: 12/18/2023 _____
John Hoekman

[SIGNATURE PAGE TO MEMORANDUM OF RESOLUTIONS OF THE BOARD OF DIRECTORS OF IMPEL NEUROPHARMA AUSTRALIA PTY LTD]

**Fill in this information to identify the case:**

Debtor name: Impel Pharmaceuticals, Inc., et al.

United States Bankruptcy Court for the: Northern District of Texas

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Symphony Health 4130 ParkLake Ave. Suite 400 Raleigh, NC 27612 | Natalia Garcia, 52 55 4122 6141, natalia.garcia2@iconplc.com | Trade Debt | Liquidated | | | $482,358.75 |
| 2 | Good Apple P.O. Box 1695 Lakeville, CT 06039 | 646-450-7126, accounting@goodapple.com | Trade Debt | Liquidated | | | $292,661.03 |
| 3 | Pharmaceutical Data Services (PDS) 3000 Whitney Ave. Box 138 Hamden, CT 06518 | Jeremy Destito, 203-376-9803, jeremy.destito@gopds.net | Trade Debt | Liquidated | | | $201,500.00 |
| 4 | ASPN Pharmacies, LLC 200 Park Ave. Suite 300 Florham Park, NJ 07932 | Ronak Patel, 973-5648004, ronak.patel@asembia.com | Trade Debt | Liquidated | | | $120,000.00 |
| 5 | TrnDigital, LLC 200 Portland St Floor 5 Boston, MA 02114 | Shailendra Singh 860-460-6559, shailendra.singh@trndigital.com | Trade Debt | Liquidated | | | $82,113.90 |
| 6 | PPD Development 8551 Research Way, Suite 90, Middleton, WI 53562 | Gerald Maquera, 608-203-4020, gerald.maquera@ppd.com | Trade Debt | Liquidated | | | $78,770.80 |
| 7 | Amex 200 Vesey Street New York, NY 10285 | Shelly A. Laycock, 480-559-7268, shelley.a.laycock@aexp.com | Trade Debt | Liquidated | | | $70,000.00 |
| 8 | Cardinal Health 7000 Cardinal Place, Dublin, OH 43017 | Vivek Kumar, 614.553.4460, vivek.kumar05@cardinalhealth.com | Trade Debt | Liquidated | | | $69,626.22 |

| Debtor | Impel Pharmaceuticals, Inc., et al. | | | Case number (if known) | | |
|---|---|---|---|---|---|---|
| | Name | | | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Phil, Inc 2443 Fillmore St. #380-1423 San Francisco, CA 94115 | Deepak Thomas, deepak@phil.us | Trade Debt | Liquidated | | | $60,000.00 |
| 10 | Citeline Caerus US 1 Inc. 1 Penn Plz Ste 2505 New York, NY 10119-2500 | David Ross 646.984.4007 david.ross@informa.com | Trade Debt | Liquidated | | | $56,921.70 |
| 11 | Med Communications, Inc. 5100 Poplar Ave. Suite 450 Memphis, TN 38137 | Kristi Pearson, 901-578-3200, kristi.pearson@medcomminc.com | Trade Debt | Liquidated | | | $53,276.00 |
| 12 | SHOP-PR LLC_TWELVENOTE 140 Broadway 28th Floor New York, NY 10005 | LaToria Jones, 703-258-9066, ljones@lippetaylor.com | Trade Debt | Liquidated | | | $42,000.00 |
| 13 | Two Labs Holdings LLC 110 Riverbend Ave. Suite 100 Powell OH 43065 | Glenda Padilla 614.822.7738 glenda.padilla@envisionpharma.com | Trade Debt | Liquidated | | | $35,290.30 |
| 14 | CPA Global 2318 Mill Road 12th Floor Alexandria, VA 22314 | Jai Shekhawat 646-517-1527 jai.shekhawat@clarivate.com | Trade Debt | Liquidated | | | $33,378.32 |
| 15 | QPharma 22 South St. Morristown, NJ 07960 | Melissa Raygada, 973-656-0011, Melissa.Raygada@qpharmacorp.com | Trade Debt | Liquidated | | | $33,069.64 |
| 16 | Integrichain 8 Penn Center 1628 JFK Blvd. Suite 300 Philadelphia, PA 19103 | Jillian Smiley, 630-301-9608, jsmiley@integrichain.com | Trade Debt | Liquidated | | | $32,000.00 |
| 17 | CFI Workspace 7001 N. Park Dr. Pennsauken, NJ 08109 | Barbara Dockery 215.279.9410 ext 410 bdockery@cfiworkspace.com | Trade Debt | Liquidated | | | $31,290.56 |
| 18 | Donnelley Financial Solutions 35 W. Wacker Drive Chicago IL 60601 | Anne Livingston 855.542.9011 accounts-receivable@dfinsolutions.com | Trade Debt | Liquidated | | | $31,060.88 |
| 19 | CCG Corporate Mailings, Inc. 14 Henderson Dr, West Caldwell, NJ 07006 | Annamarie Palk 973.808.0009 ext, 2102 a_dannacher@corpcomm.com | Trade Debt | Liquidated | | | $29,956.62 |
| 20 | Juice Pharma Worldwide 132 West 31st St. New York, NY 10001 | Chi Cheung 212-367-2416, ccheung@juicepharma.com | Trade Debt | Liquidated | | | $26,000.00 |

Official Form 204    Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims    page 2

Debtor  Impel Pharmaceuticals, Inc., et al.
         Name

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Clinigen CSM, Inc<br>342 42nd St. S.<br>Fargo, ND 58103 | Nick Leary<br>267.603.5566<br>nicholas.leary@clinigengroup.com | Trade Debt | Liquidated | | | $25,156.66 |
| 22 | Carepoint Healthcare LLC<br>9 Commerce Drive,<br>Schaumburg, IL 60173 | Bhavesh Patel<br>855.237.9112<br>bpatel@carepointrx.com | Trade Debt | Liquidated | | | $25,000.00 |
| 23 | Imprint Science<br>3 Columbus Circle Floor 7<br>New York NY 10019-8750 | Leela Ramdas<br>212.614.5088<br>Leelawattee.Ramdas@vmlyr.com | Trade Debt | Liquidated | | | $17,684.01 |
| 24 | Healthcare Alliance Group<br>101 Laurel Road, Suite 100<br>Voorhees, NJ 08043 | Jill Kowalew<br>215.262.8047<br>jkowalew@rmcom.net | Trade Debt | Liquidated | | | $14,914.98 |
| 25 | Mainehealth<br>One Dana Court<br>Westbrook ME 04092 | Melanie Hounchell<br>513.885.7435<br>Melanie.Hounchell@mainehealth.org | Trade Debt | Liquidated | | | $14,357.00 |
| 26 | CobbleStone Systems Corp<br>428 S White Horse Pike<br>Lindenwold, NJ 08021 | Matthew Hughes<br>866.330.0056 ext 1111<br>mhughes@cobblestonesoftware.com | Trade Debt | Liquidated | | | $13,894.25 |
| 27 | InsightSoftware<br>8529 Six Forks Road Ste 300<br>Raleigh NC 27615 | Christine Sadorra<br>919.872.7800<br>christine.sadorra@insightsoftware.com | Trade Debt | Liquidated | | | $12,107.99 |
| 28 | Marketo<br>901 Mariners Island Blvd. Suite 500<br>San Mateo, CA 94404 | Nick Moore<br>970.390.9173<br>nmoore@adobe.com | Trade Debt | Liquidated | | | $10,074.81 |
| 29 | UW Center for Comotion<br>4545 Roosevelt Way NE #400,<br>Seattle, WA 98105 | Dennis A. Hanson, PhD,<br>206.543.0430,<br>hansonda@uw.edu | Trade Debt | Liquidated | | | $10,000.00 |
| 30 | PSKW, LLC (ConnectiveRx)<br>P.O. Box 825135<br>Philadelphia, PA 19182-5147 | Lea Quizon<br>908-809-6154,<br>lea.quizon@connectiverx.com | Trade Debt | Liquidated | | | $8,150.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: <br><br> IMPEL NEUROPHARMA AUSTRALIA PTY LTD, <br><br> Debtor. | Chapter 11 <br><br> Case No. 23-_____ (___) |

**LIST OF REGISTERED EQUITY SECURITY HOLDERS**

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of holders of equity securities of the above-captioned debtor.

| **Equity Holder** | **Percentage of Equity Held** |
|---|---|
| Impel Pharmaceuticals Inc. | 100% |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re:<br><br>IMPEL NEUROPHARMA AUSTRALIA PTY LTD,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-_____ (___) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests.

Directly:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Impel Pharmaceuticals Inc. | 100% |

Indirectly:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| KKR Iris Investors | 17.3% |
| NORWEST VENTURE PARTNERS XIV LP | 13.0% |
| 5AM Ventures V, L.P. | 12.1% |
| Vivo Capital LLC | 12.1% |
| Venbio Capital LLC | 11.6% |

**Fill in this information to identify the case and this filing:**

| | |
|---|---|
| Debtor Name | Impel NeuroPharma Australia Pty Ltd |
| United States Bankruptcy Court for the: | Northern District of Texas (State) |
| Case number (If known): | |

Official Form 202
**Declaration Under Penalty of Perjury for Non-Individual Debtors**       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document(s) that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12 / 19 / 2023
             MM/ DD/YYYY

Signature of individual signing on behalf of debtor
**Brandon Smith**
Printed name
**Chief Restructuring Officer**
Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors